UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-304(1) (SRN/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) PLEA AGREEMENT AND ) SENTENCING STIPULATIONS ) |
| BRANDON RICHARD BLEGEN, | ) ) ) |
| Defendant. | ) |

The United States of America and the defendant, BRANDON RICHARD BLEGEN, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 of the Superseding Indictment, which charges him with conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. In return, the government agrees to move to dismiss Count 3 of the Superseding Indictment as to the defendant at the time of sentencing.

2. **Factual Basis.** The defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt: The defendant conspired with co-defendants Jason Kenneth Meyers, Paul Martin Tiessen and others to distribute 500 grams or more of a mixture and

SCANNED

FEB 2 8 2020

U.S. DISTRICT COURT ST. PAUL

substance containing a detectable amount of methamphetamine. During the period of the conspiracy, the defendant would obtain large quantities of methamphetamine from various suppliers and distribute the methamphetamine to customers in the Twin Cities area. On October 17, 2019, in Rogers, Minnesota, the police seized approximately two pounds of methamphetamine from Meyers and Tiessen that had been supplied by the defendant. Later that day, the police seized approximately 7.5 pounds of methamphetamine supplied by the defendant from a hotel room in Brooklyn Center, Minnesota, and $33,808 in cash from his person and rental vehicle. On December 22, 2019, the police seized approximately four more pounds of methamphetamine and $2,411 in cash from the defendant's residence in Coon Rapids, Minnesota. The defendant stipulates and agrees that he conspired with Meyers and Tiessen to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, that he possessed and distributed 45 kilograms or more of methamphetamine during the period of the conspiracy including the methamphetamine described above, that he acted voluntarily, and that he knew his actions violated the law. The defendant also agrees that prior to committing the instant offense, he was convicted of second-degree assault with a dangerous weapon in Hennepin County, Minnesota (Case No. 27-CR-14-159664), on or about June 17, 2015, which conviction had become final at the time of the commencement of the instant offense, and for which he served a term of imprisonment of more than 12 months.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant

knowingly, willingly and voluntarily agrees to give up the right to file any pretrial motions in this case.

4. **Statutory Penalties (Government Position)**. Because the government has filed an information pursuant to 21 U.S.C. § 851 concerning the defendant's prior serious violent felony conviction, the government believes that Count 1 of the Superseding Indictment carries the following statutory penalties:

   a. a mandatory minimum sentence of 15 years in prison;

   b. a maximum of life in prison;

   c. a supervised release term of at least 10 years and up to life;

   d. a fine of up to $20,000,000;

   e. the forfeiture of drug-related assets; and

   f. a mandatory special assessment of $100.00.

5. **Statutory Penalties (Defense Position)**. The defendant reserves the right to challenge whether his prior conviction for Minnesota second-degree assault qualifies as a "serious violent felony," and to argue that Count 1 of the Superseding Indictment carries the following statutory penalties:

   a. a mandatory minimum sentence of 10 years in prison;

   b. a maximum of life in prison;

   c. a supervised release term of at least 5 years and up to life;

   d. a fine of up to $10,000,000;

   e. the forfeiture of drug-related assets; and

   f. a mandatory special assessment of $100.00.

6. **Additional Consequences**. The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and be denied certain federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. §§ 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

   a. Base Offense Level. The parties agree that the base offense level is 38 (45 kilograms or more of methamphetamine). USSG § 2D1.1(c)(1).

   b. Specific Offense Characteristics. The government reserves the right to argue that the defendant's offense level should be increased by two levels for maintaining premises for the purpose of manufacturing or distributing a controlled substance. USSG § 2D1.1(b)(12). The defendant intends to oppose this enhancement. The parties agree that no other specific offense characteristics apply in this case.

   c. Acceptance of Responsibility and Other Chapter Three Adjustments. The parties agree that if the defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4)

undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and to move for an additional one-level reduction under § 3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. The parties agree that no other Chapter Three adjustments apply in this case.

d. <u>Criminal History Category</u>. Based on the information currently available to the parties, the defendant appears to have a criminal history category of VI. The defendant's actual criminal history will be determined by the Court based on the information presented in the presentence investigation and by the parties at the time of sentencing.

e. <u>Guideline Range (Government Position)</u>. If the defendant's total offense level is 37 (base offense level of 38, increased by two levels for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, and decreased by three levels for acceptance of responsibility), and his criminal history category is VI, his guideline range would be 360 months to life.

f. <u>Guideline Range (Defense Position)</u>. If the defendant's total offense level is 35 (base offense level of 38, decreased by three levels for acceptance of responsibility), and his criminal history category is VI, his guideline range would be 292 to 365 months.

g. <u>Fine Range</u>. If the total offense level is either 35 or 37, the fine range would be $40,000 to either $10,000,000 or $20,000,000, depending on whether the defendant's prior second-degree assault conviction qualifies as a "serious violent felony." USSG § 5E1.2.

h. <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of either 5 or 10 years, depending on whether the defendant's prior second-degree assault conviction qualifies as a "serious violent felony." USSG § 5D1.2.

i. <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make departure motions and to oppose any such motions made by the opposing party. The parties also reserve the right to argue for a sentence outside the applicable guideline range. The government has no objection to a sentence at the low end of the guideline range as determined by the Court.

9. **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100. USSG § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

11. **Forfeitures**. The defendant agrees to forfeit to the United States all of his right, title and interest in the property described in the Forfeiture Allegation of the Indictment including, but is not limited to, $33,808 in United States currency seized on October 17, 2019. The defendant agrees that this property is subject to forfeiture because it constitutes or is derived from proceeds he obtained, directly or indirectly, as the result of the commission of Count 1 of the Indictment, and was used, or intended to be used, to commit or to facilitate the commission of Count 1 of the Indictment.

12. **Waiver of Freedom of Information Act and Privacy Act**. The defendant waives all rights to obtain, directly or through others, information about the investigation

and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

13. **Waiver of Appeal**. The parties are expressly aware that Title 18, United States Code, Section 3742, affords them the right to appeal the sentence imposed in this case. Acknowledging this right, the parties hereby waive all rights conferred by Title 18, United States Code, Section 3742, to appeal the sentence on any ground except the defendant may appeal the sentence if the term of imprisonment imposed is greater than 292 months, and the government may appeal the sentence if the term of imprisonment imposed is less than 292 months.

14. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Dated: 2/27/2020

ERICA H. MacDONALD
United States Attorney

BY: THOMAS M. HOLLENHORST
Assistant United States Attorney
Attorney ID No. 46322

Dated: 2/27/2020

BRANDON RICHARD BLEGEN
Defendant

Dated: 7/27/2020

FREDERICK J. GOETZ, ESQ.
Attorney for Defendant

7