UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-304(1) (SRN/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S POSITION ON |
| v. | ) | SENTENCING |
| | ) | |
| BRANDON RICHARD BLEGEN, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through its undersigned attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Thomas M. Hollenhorst, Assistant United States Attorney, and submits the following position on sentencing concerning the defendant, Brandon Richard Blegen. The government asks the Court to impose a sentence that includes a term of imprisonment in the range of 210 to 262 months.

Procedural History

On November 21, 2019, the defendant was charged in an indictment with conspiracy to distribute 500 grams or more of methamphetamine (Count 1) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846; and possession with the intent to distribute 500 grams or more of methamphetamine (Count 3) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). ECF 1. A Superseding Indictment was returned on December 12, 2019, which corrected some clerical mistakes in the original indictment. ECF 31. On February 27, 2020, the defendant pleaded guilty to Count 1 of the Superseding Indictment pursuant to the terms of a written plea agreement. ECF 71-72.

<u>The Nature and Circumstances of the Offense</u>

The defendant conspired with co-defendant Jason Kenneth Meyers and others to distribute 500 grams or more of methamphetamine.   During the period of the conspiracy, the defendant would obtain large quantities of methamphetamine from various suppliers and distribute the methamphetamine to customers in the Twin Cities area.   On October 17, 2019, in Rogers, Minnesota, the police seized approximately two pounds of methamphetamine from Meyers and Paul Martin Tiessen, which had been supplied by the defendant.     Later that day, the police seized approximately 7.5 pounds of methamphetamine belonging to the defendant from a hotel room in Brooklyn Center, Minnesota, and $33,808 in cash from his person and rental vehicle.   On December 22, 2019, the police seized approximately four more pounds of methamphetamine and $2,411 in cash from the defendant's residence in Coon Rapids, Minnesota.   ECF 72 ¶ 2; ECF 96 ¶¶ 8-12.

<u>The Criminal History of the Defendant</u>

The defendant has an extensive criminal history that includes adult convictions for a fifth-degree controlled substance offense, disorderly conduct (two times), first-degree possession of a controlled substance, receiving stolen property, check forgery, second-degree assault, and numerous vehicle-related offenses.   ECF 96 ¶¶ 35-47.   The defendant has additional arrests for possession of stolen property and check forgery.   ¶¶ 50-51.   His behavior while under court supervision and while incarcerated has been poor as evidenced by numerous probation violations, failures to appear, and prison infractions.   *See* ¶¶ 35,

37, 46. The defendant has 11 criminal history points, which places him in criminal history category V. ¶ 49.

The defendant's criminal history is punctuated by two felony drug offenses and two offenses involving violence. *See* ¶¶ 35, 37, 44, 46. In 2012, the defendant confronted a victim in a "road rage" incident during which he pounded on the defendant's passenger side door, opened it, and then yelled "come on, get out and fight." ¶ 44. Fortunately, the victim was able to drive away from the scene uninjured. *Id.* The defendant's felony conviction for second-degree assault was particularly egregious. *See* ¶ 46. The probation office reports that the defendant punched the victim with a closed fist and struck him with a glass bottle. *Id.* As a result, the victim suffered broken bones to his face causing disfigurement and requiring facial reconstruction surgery. *Id.*

Guideline Range

The probation office has correctly determined that the defendant has a total offense level of 37, a criminal history category of V, and a guideline range of 324 to 405. ¶ 64. The total offense level results from a base offense level of 36 (4.5 kilograms or more of actual methamphetamine), increased by two levels for maintaining premises for the purpose of distributing a controlled substance, and reduced by three levels for timely acceptance of responsibility. ¶¶ 20-21, 28-30. The defendant also faces a 15-year mandatory minimum sentence because of his second-degree assault conviction. *See* ECF 59; ECF 96 ¶ 86.

<u>The Premises Enhancement</u>

The defendant objects to the two-level enhancement for maintaining premises for the purpose of manufacturing or distributing controlled substances under USSG § 2D1.1(b)(12). *See* ECF 100 at 7-13. The facts underlying the defendant's criminal misconduct belie this objection and are aptly summarized in the Presentence Investigation Report. *See* ECF 96 at A.1.-A.2.

In determining whether the enhancement applies, the Sentencing Guidelines provide some guidance:

> Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes.

USSG § 2D1.1, comment. (n.17).

As the probation office correctly points out, the defendant used co-defendant Jason Kenneth Meyers to rent out hotel rooms as a place to store drugs for future distribution. ECF at A.1.-A.2. The incident on October 19, 2019, provided just one of many examples of how this worked. On that date, the defendant directed Meyers to take a bag of methamphetamine to a hotel room. *Id.* Meyers complied by renting a room under his own name at a Country Inn and Suites where he left the bag provided to him by the defendant. *Id.* Law enforcement later recovered approximately 7.5 pounds of methamphetamine from the room. *Id.* The police later determined that the defendant had

obtained a key card for the room, but did not enter it after he correctly concluded that he was being watched by law enforcement.

The defendant's frequent use of hotel rooms rented for the sole purpose of storing drugs provides more than enough evidence to support the enhancement. *See, e.g., United States v. Moore*, 798 F. App'x 952, 955-56 (8th Cir. 2020) (unpublished) (upholding enhancement where drug transactions occurred at defendant's apartment and where officers seized nine empty one-pound vacuum seal bags with marijuana residue, approximately two pounds of high-grade marijuana, digital scales, and clear plastic baggies); *United States v. Currie*, 771 F. App'x 719, 720 (8th Cir. 2019) (upholding enhancement where police found in searches of the defendant's trash two cigarillo packages, three sandwich baggies that tested positive for marijuana, and a FedEx box containing a speaker box that tested positive for methamphetamine, and found in a search of the defendant's residence 2,150 grams of methamphetamine, $18,030 in cash, and other drug-related evidence); *United States v. Sykes*, 854 F.3d 457, 459-61 (8th Cir. 2017) (upholding enhancement where police made four controlled buys of cocaine base from defendant's residence and later seized from the residence packaging materials, $748 in cash, a nylon gun case, and a measuring cup and razor blade with cocaine residue); *United States v. Garcia*, 774 F.3d 472, 474-75 (8th Cir. 2014) (upholding enhancement where defendant regularly used a detached garage on his premises to store vehicles that were used in the drug conspiracy and where the vehicles sometimes contained large quantities of drugs when they were stored in the garage.); *United States v. Villareal*, 567 F. App'x 467, 471 (8th Cir. 2014) (unpublished) (upholding enhancement where at least three drug

transactions occurred at defendant's residence); *United States v. Miller*, 698 F.3d 699, 706-07 (8th Cir. 2012) (upholding enhancement where defendant used her residence for at least three controlled buys of methamphetamine and accepted payments that she knew were for methamphetamine purchases on other occasions).   That the defendant may have used different hotel rooms to store drugs should not weigh against the enhancement.   The defendant's use of multiple hotel rooms satisfies the "frequency" prong of the commentary to the premises enhancement.   *Cf. United States v. Nimerfroh*, 716 F'Appx. 311, 315 (5th Cir. 2018) (unpublished) (upholding enhancement where defendant used hotel *rooms* to distribute drugs) (emphasis added).

<u>The History and Characteristics of the Defendant</u>

The defendant is 37 years old and was born in Minneapolis, Minnesota.   ¶ 54.   He has two sisters.   *Id.*   The defendant's parents are separated but remain cordial with one another.   *Id.*   The defendant had a stable upbringing and has a supportive family.   ¶ 54. He has no children of his own.   ¶ 56.   He appears to be in fairly good health despite a broken wrist in 2011, degeneration and herniation of some of his discs, and two pulled teeth during his recent incarceration.   ¶¶ 59-63.   His mental and emotional health also appears to be good with the exception of recent anxiety.   ¶¶ 64-66.   The defendant has a long history of substance abuse.   *See* ¶¶ 67-72.   He graduated from high school in 2001 and has completed some post-secondary courses.   ¶¶ 74-75.   He has a spotty employment record and does not appear to have the ability to pay a criminal fine.   ¶¶ 77-85.

## The Needs of Sentencing

This case is aggravated by the serious nature of the charge (which involved an ongoing conspiracy to distribute large amounts of methamphetamine). The case is mitigated by the defendant's timely plea of guilty, his drug addiction issues, and the matters set forth in a separate filing. For these reasons, the government asks the Court to impose a sentence that includes a term of imprisonment in the range of 210 to 262 months. This sentence would serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to avoid unwarranted sentencing disparities among defendants.

WHEREFORE, the government asks this Honorable Court to impose a sentence that includes a term of imprisonment in the range of 210 to 262 months.

Dated:   August 4, 2020

Respectfully submitted,

ERICA H. MacDONALD
United States Attorney

s/*Thomas M. Hollenhorst*

BY: THOMAS M. HOLLENHORST
Assistant United States Attorney
Attorney ID No. 46322

7